**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:    Steven J. Bushinsky, Esquire
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE BOARDS OF TRUSTEES OF:** | |
| | Civil Action No: |
| **THE LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION HEALTH AND WELFARE FUND AND THE INDUSTRY ADVANCEMENT PROGRAM,** | **COMPLAINT** |
| **LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION AND ANNUITY FUND,** | |
| **LABORERS' DISTRICT COUNCIL EDUCATION AND TRAINING FUND,** | |
| **LABORERS' DISTRICT COUNCIL PREPAID LEGAL SERVICES PLAN,** | |
| **LABORER'S AND EMPLOYER'S LABORERS' DISTRICT COUNCIL COOPERATION AND EDUCATION TRUST;** | |
| **LABORERS' PHILADELPHIA AREA HEALTH AND SAFETY FUND,** | |
| P.O. Box 3700 Philadelphia, PA  19123**;** | |
| **THE LABORERS' DISTRICT** | |

**COUNCIL OF THE METROPOLITAN AREA OF PHILADELPHIA & VICINITY, And**

665 North Broad Street
Philadelphia, PA 19123

**THE GENERAL BUILDING CONTRACTORS ASSOCIATION, INC.**

36 South 18th Street
Philadelphia, PA 19103

*Plaintiffs,*

v.

**V63 Corporation**

2509 N 4TH ST
PHILADELPHIA, PA 19133-3044

*Defendant.*

Plaintiffs, by and through undersigned counsel, state as follows:

## <u>INTRODUCTION</u>

1.      This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. §185. Plaintiffs seek judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, field dues check-offs, audit fees, and attorneys' fees and costs now

due and hereafter due through the date of judgment, owed by Defendant, pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, the parties' Collective Bargaining Agreement and the respective Trust Agreements governing the Funds.

## JURISDICTION

2.      Jurisdiction in this action arises under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), § 502 and § 515, 29 U.S.C. § 1132, and § 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their governing documents as a result of Defendant's failure to comply with the terms of its Collective Bargaining Agreement ("CBA") and/or other labor agreement(s), entered into with Plaintiffs' affiliated local unions and/or district council.

3.      Jurisdiction also exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiff Laborers' District Council of Metropolitan Area of Philadelphia and Vicinity is the ("Plaintiff Union," "the Union," or "Local 19") labor Union engaged in this district representing and acting on behalf of employee Union members by enforcing the terms and conditions of a valid CBA and/or other labor agreement.

4.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with ERISA § 502(h), 29 U.S.C. § 1132(h).

## VENUE

5.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found.  The Plaintiff Funds are administered in this district, and Defendant is located in Philadelphia, PA.  The alleged breach of ERISA and the LMRA took place in this district. Thus, jurisdiction and venue are properly grounded with this Court.

6.      Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Plaintiff Union conducts business in this district, its duly authorized officers or agents are engaged in representing employee Union members in this district, and the alleged claims arise in this district.

## PARTIES

7.      Plaintiff, Board of Trustees of the Laborers' District Council Construction Industry Pension Fund ("Pension Fund Trustees") manages and

controls the Laborers' District Council Construction Pension Fund ("Pension Fund"), and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

8. Plaintiff Pension Fund is a trust fund established and maintained pursuant provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, *as amended*, ("the LMRA"), 29 U.S.C.§186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C.§ 1002(3).

9. Plaintiff Board of Trustees of the Laborers' District Council Building and Construction Health and Welfare Fund ("Building Health and Welfare Fund Trustees") manages and controls the above-said Fund and are fiduciaries within the meaning of ERISA, 29 U.S.C.§ 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

10. Plaintiff Building Health and Welfare Fund is a trust fund established and maintained pursuant to the provision of Section 302(c)(5) of the LMRA, 29 U.S.C.§ 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

11. Plaintiff Board of Trustees of the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund") and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

12. Plaintiff Prepaid Legal Services Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

13. Plaintiff Board of Trustees of the Laborers' District Council Education and Training/Apprenticeship Fund ("Education Fund Trustees") manages and controls the Laborers' District Council Education and Training Fund ("Education Fund") and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Education Fund and its participants and beneficiaries.

14. Plaintiff Education and Training Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

15.     Plaintiff Board of Trustees of the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET Trustees") manages and controls the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET") and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of LECET and its participants and beneficiaries.

16.     Plaintiff LECET is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

17.     Plaintiff Board of Trustees of the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund") are the current members of the Health and Safety Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. §1132(a)(1)(3).

18.     Plaintiff Laborers' Philadelphia Area Local Health and Safety Fund is a trust fund established and maintained for the purpose of providing health and safety benefits through qualified health and safety benefit programs.

19.     Each of the aforesaid Funds is a "multi-employer plan" under ERISA, 29 U.S.C. § 1002(37).  These Funds maintain their principal place of business in Philadelphia, Pennsylvania, with the exception of the Laborers' District Council Education and Training Fund, which maintains its principal place of business at 501 Lancaster Avenue, Exton, PA 19341.

20.     Plaintiff, Laborers' District Council of The Metropolitan Area of Philadelphia & Vicinity, Laborers' International Union of North America ("Plaintiff Union," "the Union," or "Laborers District Council") is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining and sponsors and manages the Industry Advancement Program ("IAP") for the General Building Contractors Association.

21.     Plaintiff, General Building Contractors' Association ("GBCA") is an association of general building contractors and service providers.  The GBCA sponsors the Industry Advancement Program ("IAP"), which is funded by contributions under the collective bargaining agreement between the GBCA and the Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity.

22.     The Union brings this action on behalf of its members pursuant to the terms and conditions of the parties' CBA.

8

23.    The Union maintains its principal place of business at 1301 South Columbus Boulevard, Philadelphia, PA 19147.

24.    Defendant V63 Corp ("V63," "Defendant," or "Employer") is a party of interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §§ 152(2), (6) and (7), and §§ 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

25.    Upon information and belief, Defendant's principal place of business is located at 1126 Griffith Street, Philadelphia, PA 19111.

26.    Defendant conducted and/or conducts business in the Commonwealth of Pennsylvania.

## FACTS COMMON TO ALL CLAIMS

27.    At all times relevant hereto, Defendant was a member of the GBCA who is signatory to the CBA with Plaintiff Union and as such, Defendant was party to and agreed to abide by the terms and conditions of a CBA with Plaintiff Union or one or more labor unions affiliated with the Union.

28.    Under the terms of the CBA and the governing documents of the Plaintiffs (the "Trust Agreements"), which are incorporated into the CBA, Defendant is required to regularly pay to the Plaintiffs fringe benefit contributions and union field

dues check-offs for each of the Defendant's represented employees. Contributions are required to be remitted on the basis of hours of wages paid, in accordance with CBA, and are considered delinquent if not timely received. The Defendant is also required, pursuant to the CBA and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The CBA and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

29.    By virtue of the CBA, Defendant agreed to abide by the terms of an Agreement and Declaration of Trust which governs each of the Funds (collectively "Trust Agreements"), as well as the Collection and Delinquency Policy of the Laborers' District Council of Philadelphia & Vicinity Benefit Funds Amended and Restated, ("Collection Policy") which was promulgated by the Funds respective Trustees pursuant to the terms of the Trust Agreements.  The Trust Agreements sets forth the rules and regulations with respect to participation in and administration of the Funds.

30.    The CBA and/or Trust Agreements further require that Defendant maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Defendant to Plaintiffs. Should an audit of

Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the CBA and Trust Agreements.

31. By virtue of the CBA, Trust Agreements, the Collection Policy, and in accordance with relevant law, Defendant is obligated:

a. To timely remit fringe benefit contributions to the Funds on behalf of its eligible employees who are members of, or are represented by, Plaintiff Union ("bargaining unit employees"), including an obligation to remit benefit contributions on behalf of employees who are not members of Plaintiff Union, but who perform bargaining unit work and are employed within the Union's geographical jurisdiction;

b. To submit monthly payroll reports to the Funds detailing all bargaining unit employees who worked in each period of time, the wages paid to those employees in that period, and the amounts of fringe benefit contributions to be remitted to the Funds on behalf of said employees based upon the wages paid by Defendant on behalf of its bargaining unit employees;

c. To pay liquidated damages, interest, and all costs of litigation, including attorneys' fees expended by the Funds to collect any amounts due as a

consequence of Defendant's failure to comply with its contractual and statutory obligations;

    d.  To abide by the terms of the Collection Policy for the Funds; and

    e.  To deduct union work field dues check-offs and other payments from the wages of Union member employees and transmit them to the Union.

32.    Defendant prepares the monthly payroll report described above on a self-reporting basis without assistance from the Union or Funds.

**<u>COUNT ONE</u>**
**Failure to Remit Contributions Under ERISA**

33.    Plaintiffs incorporate the allegations of Paragraphs 1 through 32 of this Complaint as if set forth herein in their entirety.

34.    A payroll audit ("Audit") performed on direction of the Trustees' by the Funds' Auditor for the period of September 1, 2024 through November 30, 2025 revealed benefit fund contribution delinquencies.

35.    Defendant has failed to pay, or has only paid a portion of, the filed dues and benefit contributions as required by the CBA, Trust Agreements, and Collection Policy for the period including, but not limited to, the payroll audit periods of September 1, 2024 through November 30, 2025.

36.    Payment of the delinquent field dues and benefit contribution has been demanded by the Funds, but Defendant has refused to submit the required payments.

37.     Defendant's failure to make benefit contributions due under the CBA and Trust Agreements of the Plaintiff Funds is in violation of ERISA Section 502, 29 U.S.C. §1132, establishing a claim to enforce Section 515, 29 U.S.C. §1145.

38.     The Funds are adversely affected or damaged as a proximate result of Defendant's failure to pay benefit contributions in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

39.     This action seeks damages pursuant to the Funds' CBA, Trust Agreements, Collection Policy, and ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), under which this Court is directed to award all unpaid contributions, interest, liquidated damages, audit fees, reasonable attorneys' fees, court costs, and any other relief which the Court deems appropriate.

**WHEREFORE**, Plaintiff Funds respectfully request the Court enter Judgment for the following relief:

(A)     Order Defendant to pay all contributions due and owing to the Funds as provided by 29 U.S.C. § 1132(g)(2)(A), CBA, Trust Agreements, and Collection Policy;

(B)     Order Defendant to pay interest on the delinquent contributions as provided by 29 U.S.C. § 1132(g)(2)(B), CBA, Trust Agreements, and Collection Policy;

(C)    Order Defendant to pay liquidated damages provided for under the Trust Agreements and Collection Policy in an amount not in excess of ten percent (10%) (or such percentage as may be permitted under Federal or State law) of the amounts of unpaid contributions as determined by the Court as provided by ERISA 29 U.S.C. § 1132(g)(2)(C)(ii), CBA, Trust Agreements, and Collection Policy;

(D)    Order Defendant to pay all field dues due and owing to the Union as provided for the by the CBA;

(E)    Order Defendant to pay the Funds' reasonable audit fees and attorneys' fees and costs incurred in the prosecution of this action as provided by ERISA 29 U.S.C. § 1132(g)(2)(D), CBA, Trust Agreements, and Collection Policy; and

(F)    Order any such other and further relief as this Court may deem equitable, just and appropriate as provided by 29 U.S.C. § 1332(g)(2)(E).

### COUNT TWO
**Failure to Remit Contributions, Field Dues**
**Under the CBA/Labor Agreement(s) and LMRA**

40.    Plaintiffs incorporate the allegations of Paragraphs 1 through 34 of this Complaint as if set forth herein in their entirety.

41.    At all relevant times Defendant was a member of the GBCA who is signatory to a CBA with Plaintiff Union.

42. The CBA provides that Defendant must deduct field dues from the wages of Defendant's employees that are member of the Plaintiff Union.

43. Defendant violated the CBA by deducting field dues from their Union represented employees and failing to transmit payment of field dues to Plaintiff Union.

44. Payment of the field dues have been demanded by the Plaintiff Union but Defendant has failed to remit the field dues.

45. An audit performed on the direction of the Trustees by the Funds' Auditor for the period of September 1, 2024 through November 30, 2025 revealed delinquencies to the Plaintiff Funds and Union.

46. Defendant has failed to pay, or has only paid a portion of, the field dues and the benefit contributions as required by the CBA, Trust Agreements, and Collection Policy for the period including, but not limited to, the payroll periods of September 1, 2024  through November 30, 2025.

47. Payment of the field dues and delinquent contribution has been demanded by the Funds, but Defendant has refused to submit the required payments.

48. The Funds and Plaintiff Union are adversely affected or damaged as a proximate result of Defendant's failure to pay field dues and benefit contributions in violation of the CBA, Trust Agreements, and Collection Policy.

49.    This action seeks damages pursuant to the Funds' CBA, Trust Agreements, or Collection Policy as permitted for Defendant's violation of §301 of the LMRA, 29 U.S.C. §185.

50.    **WHEREFORE**, Plaintiff Funds respectfully request the Court enter Judgment for the following relief:

(A)    Order Defendant to pay all contributions due and owing to the Funds as provided by the CBA, Trust Agreements, and Collection Policy;

(B)    Order Defendant to pay interest on the delinquent contributions as provided by the CBA, Trust Agreements, and Collection Policy;

(C)    Order Defendant to pay liquidated damages provided for under the Trust Agreements and Collection Policy in an amount not in excess of ten percent (10%) (or such percentage as may be permitted under Federal or State law) of the amounts of unpaid contributions as determined by the Court as provided by the CBA, Trust Agreements, and Collection Policy;

(D)    Order Defendant to pay all field dues due and owing to the Union as provided for by the CBA;

(E)    Order Defendant to pay the Funds' reasonable audit fees and attorneys' fees and costs incurred in the prosecution of this action as provided by the CBA, and Trust Agreements, and Collection Policy; and

(F)    Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*


/S/ *STEVEN J. BUSHISNKY*
STEVEN J. BUSHINSKY, ESQUIRE

Dated:        6/19/2026